IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

MAURICE HALL,

                        Petitioner,                      OPINION AND ORDER

v.

                                                      20-cv-687-wmc

REED RICHARDSON, Warden,
Stanley Correctional Institution,

                        Respondent.

Maurice Hall, now confined at the Stanley Correctional Institution, has filed an application for federal habeas relief under 28 U.S.C. § 2254, including numerous exhibits and a follow-up letter. (Petition (dkt. #1); Letter (dkt. #7).) Hall's petition challenges his conviction in 2008 CF 05454 in the Circuit Court for Milwaukee County on three counts of first degree sexual assault of a child, three counts of incest, one count of felony intimidation of a victim, and one count of child enticement. Hall asserts the following grounds for habeas relief: (1) his trial, postconviction, and appellate attorneys were ineffective; (2) "multiplicity"; (3) vindictive prosecution; and (4) insufficiency of the evidence.

Although this case is assigned to District Judge William Conley, the petition is before me for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Rule 4 provides that when conducting this review,

> [i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims, whether he has exhausted available

state remedies, and whether the petition is timely. Because Hall's petition appears plainly to be untimely, the court will not order the state to answer the petition at this time but will direct Hall to file a supplement establishing that his petition is timely or that his default should be excused.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations period for all habeas proceedings running from certain specified dates. 28 U.S.C. § 2244. The one year limitation begins to run from the latest of: (1) the date on which judgment in the state case became final by the conclusion of direct review or the expiration of the time for seeking such review; (2) the date on which any state impediment to filing the petition was removed; (3) the date on which the constitutional right asserted was first recognized by the Supreme Court, if that right was also made retroactively applicable to cases on collateral review; or (4) the date on which the factual predicate of the claims could have been discovered through the exercise of due diligence. *See* § 2244(d)(1)(A)-(D). Under 28 U.S.C. § 2244(d)(2), time is tolled -- that is, the one-year clock does not run -- during the pendency of any properly filed application to the state for post-conviction relief.

Hall's petition and online records publicly available show that, after filing an unsuccessful post-conviction motion in the trial court, Hall appealed his conviction to the Wisconsin Court of Appeals, which issued a decision affirming his conviction on October 15, 2013. *See* https://wcca.wicourts.gov (*State v. Hall*, Milwaukee Cty. Case No. 2008CF5454) (last visited July 19, 2021). The Wisconsin Supreme Court then denied Hall's petition for review on March 17, 2014. Hall says he did not file a petition for a writ of certiorari with the United States Supreme Court, which means that his one-year clock for filing a federal habeas petition

began to run 90 days later, on June 16, 2014, which was the last day on which he could have filed a certiorari petition. *Anderson v. Litscher*, 281 F.3d 672, 674-675 (7th Cir. 2002) (time for seeking direct review under § 2244(d)(1)(A) includes 90-day period in which prisoner could have filed petition for writ of certiorari with United States Supreme Court).

According to both the petition and the state court docket sheet, Hall then filed a state court motion for post-conviction relief, pursuant to Wis. Stat. § 974.06, on April 6, 2015. By that time, 294 days had elapsed from Hall's federal habeas clock. *See Farmer v. Litscher*, 303 F.3d 840, 845-46 (7th Cir. 2002) (limitations period in § 2244 begins when the time for filing a direct appeal expires). The circuit court denied the motion on April 9, 2015; Hall did not appeal. Instead, he filed a second post-conviction motion on August 17, 2015. The circuit court denied the motion the next day. Again, Hall did not appeal.

According to the petition, Hall then filed a petition for a writ of habeas corpus on September 2, 2016, but the circuit court never responded to it. In July 2017, Hall again filed a state court petition for a writ of habeas corpus. *State ex rel. Hall v. Richardson*, Appeal No. 2017AP1854 (Wis. Ct. App. Dec. 18, 2018) (unpublished summary disposition). This time, the state circuit court denied the writ, Hall appealed, and the Wisconsin Court of Appeals affirmed on December 18, 2018. According to the online docket sheet, Hall filed a motion for reconsideration, which the court denied on January 11, 2019. He did not seek review from the Wisconsin Supreme Court. He filed the instant petition on July 20, 2020.

As this timeline shows, by the time Hall filed his first § 974.06 postconviction motion in April 2015, he had only 71 days remaining on his federal habeas clock. Even if this court presumes that he had a "properly filed" postconviction motion "pending" from April to August 17, 2015, when the circuit court denied his second motion, his one-year federal habeas clock

3

would have expired by the end of 2015. Therefore, even accepting Hall's assertion that he filed a state court petition for a writ of habeas corpus in September 2016 (rather than July 2017, as indicated by the Wisconsin Court of Appeals), he was at that time well past his one-year deadline for filing a federal habeas petition. Moreover, still more than another year elapsed *after* the Wisconsin Court of Appeals summarily affirmed the denial of the writ, on December 18, 2018, until Hall filed his habeas petition on July 20, 2020. In sum, there is no scenario under which Hall's petition could be timely under § 2244(d)(1)(A)'s one-year limit.[1]

At least in theory, there are a few other ways that Hall could convince this court that it should deem his petition timely. For instance, Hall could present specific facts show establishing that a state-created impediment prevented him from filing his petition any earlier than he did, § 2244(d)(1)(B), or that his claims rest on facts that he could not have discovered earlier than he did even had he exercised due diligence. § 2244(d)(1)(D). (Hall is not seeking relief on the basis of a newly recognized and retroactive constitutional right, so § 2244(d)(1)(C) does not apply.) Additionally, Hall could attempt to show that he is entitled to equitable tolling of the limitations period, which requires him to establish (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010); *Socha v. Boughton*, 763 F.3d 674, 684-85 (7th Cir. 2014). However, because Hall was able to file numerous state court motions, he is unlikely to qualify for tolling under any of these scenarios.

---

[1] In addition to the petition being untimely, it appears that Hall procedurally defaulted his claims by failing to raise them on direct appeal and then failing later to file a properly supported motion under Wis. Stat. § 974.06. *Coleman v. Thompson*, 501 U.S. 722 (1991) (state prisoner who fails to meet state's procedural requirements for presenting federal claims commits procedural default that bars federal court from hearing claims absent showing of cause-and-prejudice or fundamental miscarriage of justice). Thus, if for some reason Hall could show the petition is timely, his claims likely would be barred on grounds of procedural default.

Finally, Hall could argue for an equitable exception to § 2244(d)(1) based on a credible claim of actual innocence, regardless whether he has been diligent in pursuing his rights. *See McQuiggin v. Perkins*, 569 U.S. 383, 399 (2013). To qualify for this narrow exception, Hall must "present[ ] evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Schlup v. Delo*, 513 U.S. 298, 316 (1995). Hall must show that "in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 537 (2006), quoting *Schlup*, 513 U.S. at 327; *see also McQuiggin*, 569 U.S. at 399; *Gladney v. Pollard*, 799 F.3d 889, 896 (7th Cir. 2015). So far as it appears from the petition, Hall has no such evidence: although he insists that he is innocent, he bases this assertion on the evidence presented at trial, not on any new evidence that tends to exonerate him.

Although nothing in Hall's petition or the supporting materials suggests that he can satisfy the actual innocence exception, or that circumstances exist to support either statutory or equitable tolling of the limitations period, it would be premature to dismiss the petition without giving Hall the opportunity to come forth with facts showing why the petition is timely or why his default should be excused.

ORDER

IT IS ORDERED that:

Not later than September 1, 2021, petitioner shall file a supplemental brief setting forth facts and legal argument to show either that: (1) his petition is timely under § 2244(d); (2) he qualifies for equitable tolling; or (3) that his default should be excused under the actual innocence exception. In the event he fails to do so, then the presiding judge likely will dismiss the petition.

Entered this 21st day of July, 2021.

BY THE COURT:

/s/

_____
STEPHEN L. CROCKER
Magistrate Judge