IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

MAURICE HALL,

                Petitioner,                OPINION AND ORDER

v.

                                            20-cv-687-wmc

REED RICHARDSON, Warden,
Stanley Correctional Institution,

                Respondent.

      Maurice Hall, now confined at the Stanley Correctional Institution, is seeking federal habeas corpus relief from his 2010 conviction in the Circuit Court for Milwaukee County on three counts of first degree sexual assault of a child, three counts of incest, one count of felony intimidation of a victim, and one count of child enticement. As discussed below, the court must dismiss the petition because it is untimely.

BACKGROUND

      On July 21, 2021, Magistrate Judge Stephen Crocker screened Hall's petition, finding it untimely under 28 U.S.C. § 2244(d). (7/21/21 Op. and Ord. (dkt. #9).) Specifically, Magistrate Judge Crocker found that: (1) Hall's conviction became "final" under § 2244 on June 16, 2014; and (2) although Hall subsequently filed various, post-conviction motions in the state courts having the effect of intermittently stopping Hall's federal habeas clock, more than 365 days of non-excludable time had elapsed before Hall eventually filed his § 2254 petition, making his petition untimely under § 2244(d)(1)(A). Accordingly, Magistrate Judge Crocker offered Hall the opportunity to file a supplemental brief showing either that: (1) his petition is timely under § 2244(d); (2) he qualifies for

equitable tolling; or (3) his default should be excused under the actual innocence exception. Hall has now filed a supplemental brief (dkt. #10), but unfortunately fails to show that his untimely filing should be excused.

OPINION

At the outset, it is deserving of note that Hall does not challenge Magistrate Judge Crocker's original finding that his petition is untimely.[1] Instead, Hall urges this court to excuse his delay because: (1) he was busy attempting to vindicate his rights in the state courts and "did not think about" his § 2254 deadline; and (2) he is actually innocent. Neither argument is persuasive.

Petitioner's first argument alludes to the doctrine of equitable tolling, which permits a court to excuse an untimely petition for equitable reasons. To qualify for this rare exception, however, petitioner must establish that: (1) he has been pursuing his rights diligently; *and* (2) some extraordinary circumstance stood in his way that prevented a timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010); *Socha v. Boughton*, 763 F.3d 674, 684-85 (7th Cir. 2014). In this case, as Hall admits, nothing "stood in his way" of filing a timely federal petition; rather, he was focused on pursuing his state court claims and simply "didn't think about" his federal deadline. Equitable tolling, which is reserved

---

[1] Although Hall submits a more detailed timeline of his state court litigation history which varies somewhat from that described by Judge Crocker (dkt. #10-4), Hall does not suggest any error in the general finding that his one-year limitations period expired long before he filed his habeas petition. Indeed, even if the court excludes all the time between April 6, 2015 -- when Hall filed his first postconviction motion – and May 30, 2019 -- the end date on Hall's timeline -- his July 20, 2020, petition was *still* filed nearly one full year too late.

2

for the rare circumstance in which a petitioner is *prevented* from filing a habeas petition timely, does not extend to Hall's situation, which describes "at best a garden variety claim of excusable neglect." *Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89, 96 (1990); *Lawrence v. Florida*, 549 U.S. 327, 336 (2007). Accordingly, the court cannot excuse Hall's delay under the equitable tolling exception.

Likewise, Hall does not come close to meeting the narrow, demanding exception based on "actual innocence." To qualify under this exception, Hall must "present[] evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Schlup v. Delo*, 513 U.S. 298, 316 (1995). This requires Hall to show that "in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 537 (2006) (quoting *Schlup*, 513 U.S. at 327). Moreover, in this context, the court may consider evidence only if it is reliable and was not presented at trial. *Gladney v. Pollard*, 799 F.3d 889, 898 (7th Cir. 2015).

Neither Hall's petition nor his supplemental brief identifies *any* new, reliable evidence that supports his claim of innocence but was not presented at trial. Rather, Hall challenges the sufficiency of the evidence adduced at his trial, complains that his lawyers were ineffective, and accuses the prosecutor of violating the Double Jeopardy Clause by filing an amended information before trial. None of these arguments rests on new evidence, much less on evidence that shows *no* reasonable juror would have found him guilty beyond a reasonable doubt. Finally, contrary to Hall's assertion, U.S. District Judge

3

Lynn Adelman also made no finding that Hall's rights were violated in any way -- much less that Hall is actually innocent -- when he dismissed Hall's § 1983 complaint raising these same claims in the Eastern District of Wisconsin. *See* Order, No: 19-cv-1512 (E.D. Wis. May 5, 2020) (dismissing Hall's § 1983 complaint without prejudice as barred under *Heck v. Humphrey*, 512 U.S. 477, 487 (1994)).[2] In short, Hall wholly fails to meet his heavy burden of showing that he has a credible claim of actual innocence as well.

Accordingly, this court may not consider his untimely petition.

ORDER

IT IS ORDERED that:

1. Maurice Hall's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is DISMISSED WITH PREJUDICE for his failure to file it within the limitations period prescribed in § 2244(d); and

2. Because reasonable jurists would not debate that Hall has failed to show exceptional circumstances excusing his untimeliness or made a credible showing of actual innocence, a certificate of appealability under 28 U.S.C. §2253 is DENIED.

Entered this 17th day of August, 2021.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

---

[2] Likewise, when Hall was no longer incarcerated, the Wisconsin Claims Board did *not* find that Hall is actually innocent when it allegedly told him that he could refile a petition under Wis. Stat. § 775.05, which compensates "innocent persons who have been convicted of a crime."