IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

MAURICE HALL,

                              Petitioner,                    OPINION AND ORDER

        v.                                                   20-cv-687-wmc

REED RICHARDSON, Warden,
Stanley Correctional Institution,

                              Respondent.

On August 17, 2021, this court dismissed petitioner Maurice Hall's petition for a writ of habeas corpus under 28 U.S.C. § 2254 as untimely.  (Dkt. #11.)  Before the court is Hall's motion to reconsider its findings that he did not qualify either for equitable tolling or the exception for actual innocence.  (Dkt. #13.)   Hall has also filed motions to supplement his motion, which the court will grant and consider his supplements as well. (Dkt. ##14, 17, 18.)  However, for the following reasons, the court will deny Hall's motion for reconsideration.

In support of his motion, petitioner asserts that his petition was not filed on time because of Covid-related restrictions on the number of inmates who could use the institution's law library that took effect on March 20, 2020.  (Dkt. #13-1.)  This is the first time the court is hearing this argument.  Before dismissing the petition on grounds of untimeliness, the court gave petitioner the opportunity to explain why his petition had not been filed on time.  (Dkt. #9 at 6.)  In his response, petitioner said nothing about lacking access to the law library.  Instead, he asserted that his delay was "solely due to the fact that he was attempting to resolve the Miscarriage of Justice that he received from the Milwaukee County Circuit Court" by litigating his case in state court.  (Dkt. #10 at 1.)  Petitioner

filed his supplement to the petition on August 9, 2021, well *after* the prison's Covid-related restrictions were in effect, so he would have known then whether those restrictions affected his ability to file his petition on time.

To prevail on a motion for reconsideration, the movant must establish "a manifest error of law or fact or present *newly* discovered evidence." *Vesely v. Armslist LLC*, 762 F.3d 661, 666 (7th Cir. 2014) (quoting *Boyd v. Tornier, Inc.*, 656 F.3d 487, 492 (7th Cir. 2011)) (emphasis added). A motion to reconsider "is *not* an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269-70 (7th Cir. 1996) (emphasis added). Here, petitioner offers no reason why he failed during the pendency of the petition to inform the court about the Covid-related law library restrictions. Accordingly, this is not "new" evidence.

Nevertheless, even if the court were to consider the Covid restrictions, it would still deny petitioner's motion because the outcome would be the same. Indeed, even if the court were to subtract the four months from when the restrictions were imposed to the date petitioner filed his petition on July 20, 2020, the petition would still have been filed well over one year too late, given the time that had elapsed *before* petitioner began seeking collateral relief from the state courts in April 2015 and *after* he purportedly exhausted his state court remedies on May 30, 2019. (*See* dkt. #9 at 3 (finding that 294 days had elapsed from petitioner's habeas clock by the time he filed his first state court post-conviction motion on April 6, 2015)). What is more, even if the law library restrictions could be deemed an "extraordinary circumstance," a "party seeking equitable tolling must have

acted with reasonable diligence throughout the period he seeks to toll." *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000), *cert. denied*, 531 U.S. 840 (2000); *see also Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989) ("[E]quity is not intended for those who sleep on their rights."). Petitioner has offered nothing to show that he was acting with reasonable diligence to file a federal habeas petition throughout the period between May 30, 2019 (the last date on his timeline) and the date the Covid restrictions were imposed. (Dkt. #10-4 at 5.)

Finally, in his April 28, 2022, supplement, petitioner argues that a pretrial scheduling order in his criminal case stating that the State had no DNA evidence constitutes new, reliable evidence, not presented at trial, that establishes his innocence. (Dkt. #18 at 1.) However, the jury who sat through the trial in petitioner's case would certainly have been aware that the State did not present DNA evidence, and in any event, the lack of such evidence is not evidence of innocence, as petitioner seems to believe.

ORDER

IT IS ORDERED that:

1) Petitioner Maurice Hall's motions to supplement his motion for reconsideration (dkts. ##14, 17, 18) are GRANTED.

2) Petitioner's motion for reconsideration (dkt. #13) is DENIED.

Entered this 19th day of May, 2022.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

3