IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

MAURICE HALL,

                    Petitioner,                            OPINION AND ORDER

        v.
                                                           20-cv-687-wmc
REED RICHARDSON, Warden,
Stanley Correctional Institution,

                    Respondent.

On July 21, 2021, the magistrate judge screened petitioner Maurice Hall's petition for a writ of habeas corpus under 28 U.S.C. § 2254, finding it untimely but offering Hall the opportunity to file a supplemental brief showing either that: (1) the petition was timely; (2) Hall qualified for equitable tolling; or (3) the actual innocence exception applied. (Dkt. #9.) In response, Hall did not challenge the general finding that his petition was untimely, but urged the court to excuse his delay. (Dkt. #10.) On May 19, 2022, the court denied Hall's motion to reconsider its findings that he did not qualify either for equitable tolling or the exception for actual innocence. (Dkt. #21.) Hall filed a notice of appeal on May 26, 2022 (dkt. #22), and now asks the court to again reconsider its denial of equitable tolling (dkt. #25 at 1). The court will deny that request for the following reasons.

As an initial matter, it does not appear that the court has jurisdiction to consider Hall's request. This is because, "once the notice of appeal is filed, the court of appeals retains jurisdiction over all matters related to the appeal." *United States v. Ali*, 619 F.3d 713, 722 (7th Cir. 2010). Hall should therefore focus on his appeal in that court. But even if this court did have jurisdiction, it would deny Hall's motion. To prevail on a motion

for reconsideration, the movant must establish "a manifest error of law or fact or present newly discovered evidence." *Vesely v. Armslist LLC*, 762 F.3d 661, 666 (7th Cir. 2014) (citation omitted).  Hall asks the court to consider documents he believes the court has not seen: (1) a 2020 motion for an extension of time to file his petition; and (2) his timeline of litigation history.  However, Hall *has* previously filed these documents with the court, and they still do not change the outcome.

As for the motion, Hall initially submitted it to the court before he filed his habeas petition, and the clerk's office returned it to him without docketing it.  (Dkt. #10-3.)  Hall now suggests that the clerk's office was negligent in not docketing his motion, but the motion was properly returned to Hall because there was no case in which the motion could be docketed and no way for the court to consider it "outside the context of a formal lawsuit."  (Dkt. ##10-2, 10-3.)  Hall later filed the motion, along with the response from the clerk's office, as exhibits to a supplemental brief in support of equitable tolling (dkt #10), which the court considered before dismissing Hall's petition as untimely (dkt. #11 at 2-4).  In the motion, Hall asks the court to grant him "at least 45 days" to file his federal petition because he missed the deadline while litigating his claims in state court.  (Dkt. #10-2.)  As for Hall's timeline, the court considered it in dismissing Hall's petition (dkt. #11 at 2 n.1), and in denying Hall's prior motion for reconsideration (dkt. #21 at 2-3).

As Hall is now aware, a motion to reconsider "is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion."  *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269-70 (7th Cir. 1996).  Again, Hall does not deny that his

petition was untimely, although he suggests it was "only sixty-six days late" (dkt. #25 at 2), and the court will not revisit the issue again.  Rather, Hall appears to be reemphasizing that he was busy pursuing his claims in state court over the years so his delay should be excused -- an argument the court has already rejected in part because Hall admits he simply "did not think about" his federal deadline.  (Dkt. #11 at 2-3.)  Neither the extension motion nor the timeline have convinced the court that Hall had been acting with reasonable diligence to file a federal petition, or that he was prevented from filing a petition timely by some extraordinary circumstance (dkt. ##11 at 2-3, 21 at 2-3), and is therefore entitled to equitable tolling, *see Socha v. Boughton*, 736 F.3d 674, 683 (7th Cir. 2014) (petitioner must show both that he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented timely filing).

## ORDER

IT IS ORDERED that petitioner Maurice Hall's motion for reconsideration (dkt. #25) is DENIED.

Entered this 28th day of June, 2022.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

3